UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-76-HRW

DARLA BROMWELL,                                              PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on September 4, 2003, alleging disability beginning on February 1, 2003, due to talipes equinovarus deformity (or clubfoot) on the left side as well other

physical impairments.[1]  This application was denied initially and on reconsideration.

On May 17, 2005, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 246-266).  At the hearing, Anthony Michael, a vocational expert (hereinafter "VE"), also testified (Tr. 267-271).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

---

[1] The record shows that Plaintiff received benefits for the aforementioned musculoskeletal impairment from October 1972 through February 1983.

>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 12, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-21).

Plaintiff was 42 years old at the time of the hearing decision. She has a high school education and one year of college. She has no relevant past work experience.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 20).

The ALJ then determined, at Step 2, that Plaintiff's musculoskeletal impairments are "severe" within the meaning of the Regulations (Tr. 20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). In doing so, the ALJ specifically considered listing 1.02A (Tr. 15-16).

The ALJ further determined that Plaintiff has the residual functional

capacity ("RFC") to perform a limited range of light work.  Relying upon testimony of the VE, the ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies.  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that she meets the criteria of the Listing at 1.02A and, thus, should have been adjudged disabled at Step 3 of the sequential analysis.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at Step 3. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992).

If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant

disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 1.02A provides, in pertinent part:

> **Major dysfunction of a joint(s) (due to any cause):**
> Characterized by gross anatomical deformity . . . and chromic joint pain and stiffness with signs of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint narrowing, bony destruction, or ankylosis of the affected joint(s).   With:
>
> > A.   Involvement of one major peripheral weight-bearing joint, resulting in inability to ambulate effectively, as defined in 1.00B2b .
> > . . .

20 C.F.R. pt. 404, subpt. P, app.1, § 1.02.

Subsection 1.00B2b provides:

> **(1) Definition**. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.
>
> **(2) To ambulate effectively**, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, subpt. P, app.1, § 1.00B2b.

The ALJ found that, based upon the record, Plaintiff failed to establish an inability to ambulate (Tr. 16).

Plaintiff's contention that the ALJ failed to properly apply the listing requirements to the facts of the case is without merit. A review of the ALJ's decision shows otherwise. Although Plaintiff refers to various portions of the record which show, for example, that she has an antalgic gait (Tr. 138) , has pain in her lower back, hips and legs (Tr. 127) and decreased range of motion in in her left ankle (Tr. 139), there is no evidence in the record that Plaintiff is unable to ambulate. For example, nothing in the record shows that she required hand-held assistive devices in order to ambulate.

The Court is mindful that the evidentiary standards for presumptive disability under the listings are stricter than for cases which proceed to the other steps in the sequential evaluation process as the listings represent an automatic screening based upon medical findings rather than an individual judgment based upon all relevant factors. *See,* 20 C.F.R. §§ 416.920 (d), 416.925, 416.926; *Sullivan*, 493 U.S. at 532.

In this case, Plaintiff has not carried her burden in proving that she meets the requirements of Listing 1.02A.

Plaintiff also maintains that the ALJ inappropriately discounted the opinion of her treating physician, Dr. Paul Lewis.

Dr. Lewis' assessment of Plaintiff's ability to do work related activities is of record and was reviewed by the ALJ (Tr. 232-243). Dr. Lewis's assessment of Plaintiff's capacity to perform work-related activities, such as carrying, walking and sitting, is more limited than that ultimately determined by the ALJ.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In weighing the medical evidence of record, the ALJ noted that Dr. Lewis' assessment lacked a sufficient clinical basis. Indeed, the ALJ suggested that perhaps Dr. Lewis' opinion of disabling impairment was based upon Plaintiff's subjective complaints, rather than clinical criteria. Given the lack of objective findings to support Dr. Lewis' opinion, the Court finds no error in the ALJ's consideration of his assessment.

In addition, Dr. Lewis' assessment appears to be at odds with his treatment records as well as the other credible medical evidence of record. This lends additional credence to the ALJ's determination to discount his opinion.

### III. CONCLUSION

Based upon the evidence, the ALJ concluded that although Plaintiff could not perform the full range of light work, she has the functional capacity to perform a certain range of jobs, which exist in the requisite numbers.

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 16, 2007.

Signed By:
Henry R Wilhoit Jr.
United States District Judge